[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury.
Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant, whose maiden name was Kathleen Helena Sheahan, were married on April 15, 1978 at Ridgefield, Connecticut. Both the plaintiff and the defendant have resided continuously in the State of Connecticut for at least one year immediately prior to the date of the filing of the complaint. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two minor children, issue of the marriage, Michelle Elyse Finaldi, born November 20, 1982; and Rachel Lynn Finaldi, born July 2, 1986. No other minor children have been born to the defendant wife since the date of marriage of the parties. Neither party has received state assistance.
The court finds that the sole cause of the breakdown is the plaintiff's involvement with another woman. After the defendant found out about that involvement, the plaintiff threatened that the defendant would not receive anything following the date that he filed for divorce.
The defendant's gross weekly income from her principal employment is $525. In addition, she has an average weekly income of $50 in her part-time job of haircutting. Her net weekly income for child support purposes is $438. Plaintiff has a one-half CT Page 6410 interest in a 1991 Ford Explorer, with a fair market value of $9000. The Ford is registered in the State of Florida. Her one-half equity amounts to $4500. It cannot be registered in Connecticut because the plaintiff owes taxes. She has $300 in her Norwalk Savings Society checking account. She does not have any other assets. She has a total of $6450 in liabilities not including mortgages. The defendant did hairdressing on a part-time basis in the basement of the family home located at 13 Aunt Patty's Lane, Bethel, Connecticut. When the plaintiff vacated the family residence after the divorce action commenced, he removed the sink as well as the dryer motor and ceiling tiles. That reduced the defendant's ability to earn income from her hairdressing part-time work. The plaintiff's financial affidavit, dated March 4, 1996, and coded 159, lists seven pieces of real estate that were in the name of the plaintiff and the defendant or in the name of the plaintiff and third parties. No credible evidence has been presented as to how that real estate was disposed of as a result of the plaintiff's bankruptcy. By order entered on January 22, 1996, a receiver of rents was appointed for properties located at 33 Osborne Street, Danbury, Connecticut; 53 Hospital Avenue, Danbury, Connecticut; 3 Abbott Avenue, Danbury, Connecticut; 4 Edgewood Street, Danbury, Connecticut; 12 Thorpe Street, Danbury, Connecticut; and 15 Elgin Avenue, Bethel, Connecticut. The receiver of rents is presently holding $4172.80. No credible evidence has been presented as to what order, if any, was entered in the bankruptcy court regarding the funds held by the receiver of rents. The defendant has a one-half interest in the property located at 12 Thorpe Street, Danbury, Connecticut, as well as the family home at 13 Aunt Patty's Lane, Bethel, Connecticut. She also has a financial interest in the property located at 4 Edgewood Street, Danbury, Connecticut.
The mortgage held by Union Savings Bank for property located at 12 Thorpe Street, Danbury, Connecticut, is in default since March 12, 1996, with seven delinquent payments and a total delinquency of $6023.11.
The plaintiff started his own drywall business around 1980, and continued that business until approximately 1983 or 1984. Between 1983 and 1984, he was in his own construction business known as Finaldi Construction. For the calendar year 1992, the plaintiff had business income of $100,556. His gross receipts for that year was $909,639. For the calendar year 1993, the plaintiff had business income from Finaldi Construction of $71,807. His CT Page 6411 gross receipts for that calendar year were $502,985. The plaintiff did not submit a financial affidavit at the time of trial. Any party who fails to submit a financial affidavit does so at their own risk. Sachs v. Sachs, 22 Conn. App. 410, 419
(1990); Baker v. Baker, 166 Conn. 476, 489, 352 A.2d 277 (1974). No credible evidence was submitted by the plaintiff as to his present income. The plaintiff's financial affidavit, dated August 7, 1995, and coded 137, showed that he had a net annual income of $28,000 or net weekly income of $539.61. The court is using the $539.61 net weekly income as the income of the plaintiff for the purposes of support, alimony, and property orders.
The plaintiff was represented by counsel at the dissolution of marriage hearing. The plaintiff did not appear in court at the hearing. On August 1, 1996, the plaintiff wrote to his attorney that in the event the parties did not reach an agreement, the plaintiff would inform the Union Savings Bank to commence foreclosure proceedings on properties located at 3 Abbott Avenue, 53 Hospital Avenue, 12 Thorpe Street, and 15 Elgin Avenue. He further stated that he would contact the I.R.S. regarding alleged rental income that was not included on income tax returns. He stated further that he would inform the bankruptcy trustee that no offer has come from the defendant to purchase the plaintiff's one-half interest in the 1991 Ford Explorer. On January 30, 1996, a petition in bankruptcy was filed by or against the plaintiff. On May 28, 1996, an order was entered releasing the plaintiff from all dischargeable debts. On July 16, 1996, an order was entered in the bankruptcy court upon motion of People's Bank modifying the automatic stay imposed by 11 U.S.C. § 362 to permit People's Bank to commence and/or to continue to complete a foreclosure action of its mortgage and that no deficiency judgment shall be enforced against the plaintiff debtor. People's Bank had commenced the foreclosure action for the family home of the parties known as 13 Aunt Patty's Lane West, Bethel, Connecticut, dated November 9, 1995. The court finds that the fair market value of that property is $230,000. The balance due on the debt to People's Bank, as of October 18, 1996, is $74,743.65, together with appraiser fees of $450. An order of foreclosure by sale has been entered regarding that property. A contract for sale had been entered into between the plaintiff and the defendant as sellers in July of 1996, for a closing date of September 1, 1996. The closing fell through because the liens on the property exceeded the sale price of $225,000.
The parties are in dispute as to whether an order of joint CT Page 6412 custody should be entered for the minor children with primary residence with the defendant or whether the defendant should be given sole custody as requested by her. The court finds that the plaintiff has seen fit not to see the children on a regular basis. There was a period of time when the defendant did not know the plaintiff's address or his phone number. Neither of the parties has entered a request for reconciliation. The plaintiff did not appear in court for trial and his only request for joint custody was based on cross-examination of the defendant by his attorney and by closing argument by his attorney. The court finds that there is no agreement regarding joint custody, that the plaintiff has not filed a written request for joint custody, and that joint custody is not in the best interests of the minor children.
The alimony and support arrearage owed by the plaintiff to the defendant, as of November 26, 1996, is $10,920.
The parties previously owned property in Florida. That property was sold while the divorce was pending. The parties divided equally the net proceeds of the sale that took place in 1995, and each party received approximately $18,000 from the sale. The defendant has used that money to live on.
This court has considered the provision of § 46b-82
regarding the issues of alimony, and has considered the provision of § 46b-81(c) regarding the issues of property division, and has considered the provisions of §§ 46b-56, 46b-56(a) and46b-56a regarding the issues of custody, joint custody, and visitation, and has considered the provisions of § 46b-84 and the Child Support Guidelines regarding the issue of support, and has considered the provision of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
ORDERS
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved, and each party is declared to be single and unmarried.
B. BY WAY OF CUSTODY AND VISITATION
1. The defendant is awarded sole custody of the two minor children. CT Page 6413
2. The plaintiff is awarded reasonable and liberal visitation, including every other weekend from Saturday at 9 a.m. until Sunday at 6 p. m.; one evening per week from 6 p. m. until the following morning with the plaintiff delivering the children to the school bus at the defendant's residence.
3. The plaintiff is also awarded two weeks visitation during the summer time provided he gives the defendant at least 120 days advance written notice by registered mail, return receipt or certified mail, return receipt of the two weeks that he desires.
C. BY WAY OF SUPPORT
1. The court orders that the plaintiff pay to the defendant, by way of support, the sum of $175 weekly. Said sum is in accordance with the support guidelines based on the income of the parties as previously determined by this decision. In addition, the plaintiff is to pay to the defendant $25 weekly on the current arrearage which is in the amount of $10,922 as of November 26, 1996. The plaintiff is also to pay interest on the arrearage at the rate of 10 percent per annum. An immediate wage execution is authorized for both the support order, the arrearage order, as well as the alimony order hereinafter entered.
2. The parties are to divide equally any uncovered or unreimbursed health expenses for the minor children. The defendant is to provide health insurance for the minor children as is available through her place of employment.
D. BY OF ALIMONY
1. The plaintiff is ordered to pay to the defendant alimony in the sum of $50 per week. Alimony is to terminate on the earliest of the following events: (a) the death of plaintiff; (b) the death of the defendant; (c) the remarriage of the defendant.
2. The provisions of §§ 46b-86(a) and 46b-86(b) are applicable.
E. BY WAY OF PROPERTY ORDERS
1. In accordance with the provision of § 46b-81(a), all of the plaintiff's right, title and interest in property at 13 Aunt Patty's Lane, Bethel, Connecticut, is transferred to the CT Page 6414 defendant.
2. The defendant is ordered to quitclaim to the plaintiff all of her interest in the real estate at 4 Edgewood Street, Danbury, Connecticut; and 12 Thorpe Street, Danbury, Connecticut.
3. All of the furniture at the family home is awarded to the defendant.
4. Whatever interest, if any, the plaintiff presently has in the 1991 Ford Explorer is awarded to the defendant. Plaintiff is ordered to execute the necessary documents to transfer such interest to the defendant.
5. For each calendar year in which the plaintiff is current in his support and alimony payments at the end of such calendar year, he shall have the right to claim the minor child, Michelle Finaldi, as an exemption for federal and state income tax purposes. For the calendar year 1996, the defendant shall have the right to claim each child as an exemption for federal and state income tax purposes.
6. All other assets shown on the defendant's financial affidavit are awarded to the defendant.
7. Subject to the rights of the trustee in bankruptcy, the $4172.80 held by the receive of rents is awarded to the defendant.
8. All transfers of title are to take place simultaneously on January 31, 1997 at the office of counsel for the defendant, except that the transfer ordered under paragraph E.1 is to be effective immediately upon the date this decision is filed.
F. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded in favor of either party.
G. MISCELLANEOUS ORDERS
1. The capias previously ordered is hereby vacated.
2. The parties are ordered to exchange copies of their federal and state income tax returns within thirty days after such returns have been filed, by certified mail, return receipt CT Page 6415 or registered mail, return receipt, for so long as there is an outstanding support and/or alimony order.
3. Counsel for the defendant is to prepare the judgment file within thirty days and send it to counsel for the plaintiff for signature and filing.
4. Counsel for the defendant is ordered to notify the trustee in bankruptcy of the funds held by the receiver of rents for whatever claim the trustee may have to those funds.
Axelrod, J.